**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| | ) |
| **CRAFTWORKS PARENT, LLC**, *et al.*, | ) Case No. 20-10475 (BLS) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

**SCHEDULE OF ASSETS AND LIABILITIES FOR**
**GB FRANCHISE, LLC (CASE NO. 20-10487)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Big River Breweries, Inc. (6292); Brew Moon Colorado, Inc. (5001); Chophouse License, LLC (2340); Craft Brewery Holding, Inc. (1228); CraftWorks Holdings, LLC (7163); CraftWorks Intermediate Co, LLC (9810); CraftWorks Parent, LLC (3345); CraftWorks Restaurants & Breweries Group, Inc. (4820); CraftWorks Restaurants & Breweries, Inc. (2504); CraftWorks Restaurants & Breweries, LLC (0676); GB Acquisition, Inc. (5175); GB Franchise, LLC (7716); GB Kansas, LLC (0924); GB Maryland, Inc. (6439); GB Parent, Inc. (1281); GBBR Texas, Inc. (9904); Gordon Biersch Brewery Restaurant Group, Inc. (8023); Harbor East Brewery, LLC (7759); Logan's Restaurants, Inc. (9987); Logan's Roadhouse, Inc. (2074); Logan's Roadhouse of Kansas, Inc. (8716); Logan's Roadhouse of Texas, Inc. (2372); LRI Holdings, Inc. (4571); Old Chicago Franchising LLC (7249); Old Chicago of Colorado, Inc. (4857); Old Chicago of Kansas, Inc. (0606); Old Chicago Oregon, LLC (5083); Old Chicago Parker Crossing, Inc. (9218); Old Chicago Taproom, LLC (5838); Old Chicago Westminster, Inc. (5759); Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108); Rock Bottom Arizona, Inc. (4848); Rock Bottom License, LLC (9033); Rock Bottom of Minneapolis, Inc. (5762); Wadsworth Old Chicago, Inc. (4849); Walnut Brewery, Inc. (7405). The Debtors' mailing address is 2981 Sidco Drive, Nashville, TN, 37204.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **CRAFTWORKS PARENT, LLC**, *et al.*, | : | Case No. 20-10475 (BLS) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

**GLOBAL NOTES AND STATEMENT OF**
**LIMITATIONS, METHODOLOGY AND DISCLAIMERS REGARDING**
**THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND**
**STATEMENTS OF FINANCIAL AFFAIRS**

Craftworks Parent, LLC (at times referred to as the "Company") and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

While the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Big River Breweries, Inc. (6292); Brew Moon Colorado, Inc. (5001); Chophouse License, LLC (2340); Craft Brewery Holding, Inc. (1228); CraftWorks Holdings, LLC (7163); CraftWorks Intermediate Co, LLC (9810); CraftWorks Parent, LLC (3345); CraftWorks Restaurants & Breweries Group, Inc. (4820); CraftWorks Restaurants & Breweries, Inc. (2504); CraftWorks Restaurants & Breweries, LLC (0676); GB Acquisition, Inc. (5175); GB Franchise, LLC (7716); GB Kansas, LLC (0924); GB Maryland, Inc. (6439); GB Parent, Inc. (1281); GBBR Texas, Inc. (9904); Gordon Biersch Brewery Restaurant Group, Inc. (8023); Harbor East Brewery, LLC (7759); Logan's Restaurants, Inc. (9987); Logan's Roadhouse, Inc. (2074); Logan's Roadhouse of Kansas, Inc. (8716); Logan's Roadhouse of Texas, Inc. (2372); LRI Holdings, Inc. (4571); Old Chicago Franchising LLC (7249); Old Chicago of Colorado, Inc. (4857); Old Chicago of Kansas, Inc. (0606); Old Chicago Oregon, LLC (5083); Old Chicago Parker Crossing, Inc. (9218); Old Chicago Taproom, LLC (5838); Old Chicago Westminster, Inc. (5759); Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108); Rock Bottom Arizona, Inc. (4848); Rock Bottom License, LLC (9033); Rock Bottom of Minneapolis, Inc. (5762); Wadsworth Old Chicago, Inc. (4849); Walnut Brewery, Inc. (7405). The Debtors' mailing address is 2981 Sidco Drive, Nashville, TN 37204.

no assurance that these Schedules and Statements are complete. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim (as defined in section 101(5) of the Bankruptcy Code, "<u>Claim</u>") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Nothing contained in the Schedules and Statements shall constitute a waiver of any right of the Debtors or an admission with respect to the Chapter 11 Cases (including, but not limited to, issues involving claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non- bankruptcy laws to recover assets or avoid transfers).

      In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate. The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and will not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law. In no event will the Debtors or their agents, attorneys and/or financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

      Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments. These

Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") comprise an integral part of all of the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

In the event that the Schedules and/or Statements differ from these Global Notes, the Global Notes control.

**Global Notes and Overview of Methodology**

1. **Basis of Presentation**. For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements that were consolidated by the parent Debtor. Combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that may be different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP"). Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

2. **Reservations and Limitations**. While reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary or appropriate. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these Chapter 11 Cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid

---

[2] These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

3. **No Admission**. Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

**General Disclosures Applicable to Schedules and Statements**

1. **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

2. **Recharacterization**. The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, the Debtors may have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

3. **Claim Designations**. Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed."

The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim 5 reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate. Listing a claim does not constitute an admission of liability by the Debtors.

4. **Unliquidated Claim Amounts**. Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

5. **Undetermined Amounts**. The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

6. **Court Orders**. Pursuant to certain orders of the Bankruptcy Court entered in the Chapter 11 Cases shortly after the Petition Date (collectively, the "First Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, lienholders, suppliers, customer credits/refunds, claimants under section 503(b)(9) of the Bankruptcy Code, and taxing authorities, among others. Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore generally are not listed in the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements.

7. **Other Paid Claims**. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

8. **Valuation**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. For these reasons, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined or unknown. Accordingly, unless otherwise indicated, net book values as of February 23, 2020 are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets. Operating cash is presented as bank balance as of the Petition

Date. Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date.

9. **Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

10. **Excluded Assets and Liabilities**. The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, accrued salaries, employee benefit accruals and accrued accounts payable. In addition and as set forth above, the Debtors may have excluded amounts for which the Debtors have been granted authority to pay pursuant to a First Day Order or other order that may be entered by the Bankruptcy Court. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

11. **Duplication**. Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

12. **Leases**. The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases. To the extent that there was an amount

outstanding as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.

13. **Contingent Assets**. The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have identified and/or set forth all of their causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims. Additionally, prior to the Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages.

14. **Intercompany Accounts**. The Debtors have historically not maintained separate books and records for each entity, and have instead maintained two accounting systems—one for the entities associated with the Logan's Roadhouse brand for the entities underneath Debtor Logan's Restaurants, Inc. ("LRI") and one for the entities associated with all of the Debtors' other restaurant brands used by the entities underneath Debtor CraftWorks Restaurants & Breweries, Inc. ("CWR&B") in the Debtors' corporate structure. As such, the Debtors' books and records have been prepared on a consolidated basis at either CWR&B or LRI. Historically, the Debtors have not tracked and did not maintain records of intercompany receivables and payables because all cash held in their master concentration account is held for payment of all accounts payables owed by any Debtor. These payments and/or funding of expenses are not reflected as intercompany receivables or payables.

15. **Executory Contracts**. Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

16. **Liens**. The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment.

17. **Estimates**. To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

18. **Fiscal Year**. Each Debtor's fiscal year ends on or about December 29.

19. **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

20. **Property and Equipment**. Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third party lessors. Any such leases are set forth in the Schedules and Statements on Schedule G. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

21. **Claims of Third-Party Related Entities**. While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

22. **Umbrella or Master Agreements**. Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the consolidated Debtor that signed the original umbrella or master agreement.

23. **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

24. **Setoffs**. The Debtors incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies,

returns, warranties, and other disputes between the Debtors and their suppliers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

25. **Insiders**. In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities. The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for: (1) the purposes of determining (a) control of the Debtors; (b) the extent to which any individual exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (2) any other purpose.

26. **Payments**. The financial affairs and business of the Debtors are complex. Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "Cash Management System"), as described in the Cash Management Motion. Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate.

27. **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

**Fill in this information to identify the case:**

Debtor name: **GB Franchise, LLC**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): **20-10487**

☐ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals 12/15

### Part 1: Summary of Assets

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   **1a. Real property:**
   Copy line 88 from *Schedule A/B*................................................................................... $ **0.00**

   **1b. Total personal property:**
   Copy line 91A from *Schedule A/B*.................................................................................. $ **0.00**

   **1c. Total of all property:**
   Copy line 92 from *Schedule A/B*.................................................................................... $ **0.00**

### Part 2: Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D*.................... $ **0.00**

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*....................................................... $ **0.00**

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................ +$ **0.00**

4. **Total liabilities** ............................................................................................................. $ **0.00**
   Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

Debtor name: **GB Franchise, LLC**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): **20-10487**

☐ Check if this is an amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property  12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☒ No. Go to Part 2.
   ☐ Yes Fill in the information below.

   **All cash or cash equivalents owned or controlled by the debtor**     **Current value of debtor's interest**

### Part 2: Deposits and Prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☒ No. Go to Part 3.
   ☐ Yes Fill in the information below.

### Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☒ No. Go to Part 4.
    ☐ Yes Fill in the information below.

### Part 4: Investments

13. **Does the debtor own any investments?**

    ☒ No. Go to Part 5.
    ☐ Yes Fill in the information below.

### Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

    ☒ No. Go to Part 6.
    ☐ Yes Fill in the information below.

### Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ☒ No. Go to Part 7.

Debtor    **GB Franchise, LLC**                                    Case number *(If known)*   **20-10487**
          Name

☐ Yes Fill in the information below.

### Part 7: Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.
☐ Yes Fill in the information below.

### Part 8: Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

### Part 9: Real property

54. **Does the debtor own or lease any real property?**

■ No. Go to Part 10.
☐ Yes Fill in the information below.

### Part 10: Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

■ No. Go to Part 11.
☐ Yes Fill in the information below.

### Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

■ No. Go to Part 12.
☐ Yes Fill in the information below.

Debtor  **GB Franchise, LLC**
Name

Case number *(If known)* **20-10487**

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9..............>* | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $0.00 |

**Fill in this information to identify the case:**

Debtor name: **GB Franchise, LLC**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): **20-10487**

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property 12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

■ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Fill in this information to identify the case:**

Debtor name: **GB Franchise, LLC**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known): **20-10487**

☐ Check if this is an amended filing

Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims 12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ■ No. Go to Part 2.

   ☐ Yes. Go to line 2.

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims**. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| 3.1 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* |
|---|---|---|
| | | ☐ Contingent |
| | | ☐ Unliquidated |
| | **Date or dates debt was incurred** _____ | ☐ Disputed |
| | **Last 4 digits of account number** _____ | **Basis for the claim:** _____ |
| | | Is the claim subject to offset? ☐ No ☐ Yes |

## Part 3: List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   **If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

| | | **Total of claim amounts** |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ 0.00 |
| **5b. Total claims from Part 2** | 5b. + | $ 0.00 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 0.00 |

**Fill in this information to identify the case:**

Debtor name  **GB Franchise, LLC**

United States Bankruptcy Court for the:  DISTRICT OF DELAWARE

Case number (if known)  **20-10487**

☐ Check if this is an amended filing

# Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases    12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**
   ■ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1 State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.2 State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.3 State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.4 State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name: **GB Franchise, LLC**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): **20-10487**

☐ Check if this is an amended filing

Official Form 206H
# Schedule H: Your Codebtors 12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1:* **Codebtor**  *Column 2:* **Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | | Street / City / State / Zip Code | | ☐ D  ☐ E/F  ☐ G |
| 2.2 | | Street / City / State / Zip Code | | ☐ D  ☐ E/F  ☐ G |
| 2.3 | | Street / City / State / Zip Code | | ☐ D  ☐ E/F  ☐ G |
| 2.4 | | Street / City / State / Zip Code | | ☐ D  ☐ E/F  ☐ G |

**Fill in this information to identify the case:**

Debtor name: **GB Franchise, LLC**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): **20-10487**

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **May 12, 2020**

X _____
Signature of individual signing on behalf of debtor

**Mark Smith**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor