**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

ANSELL GRIMM & AARON PC
BY: Joshua Bauchner, Esq.
Anthony J. D'Artiglio, Esq.
365 Rifle Camp Road
Woodland Park, NJ 07424
Attorneys for Tower 111 Broadway, LLC

In re:

Craftworks Parent, LLC, *et al.*

                                     Debtors.

In Proceedings Under Chapter 11
of the United States Bankruptcy Code

Case No. 20-10475 (BLS) (Jointly Administered)

### AMENDED OBJECTION OF TOWER 111 BROADWAY, LLC TO THE NOTICE OF CURE AMOUNTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Tower 111 Broadway, LLC ("Landlord"), through its attorneys, Ansell Grimm & Aaron, P.C., hereby submits this Objection to the Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases ("Notice of Cure"), and respectfully states:[1]

1.      Tower 111 Broadway, LLC is the landlord of the Debtor Gordon Biersch Brewery Restaurant Group, Inc. ("Debtor") for the property located at 111 Broadway, Nashville, Tennessee

---

[1]      This Amended Objections supplements Landlord's prior objection timely filed on May 15, 2020.

086874.000046.65659122

(the "Property"), pursuant to an Agreement of Lease (the "Lease"), dated September 19, 2002, and subsequently amended four times.  The Lease with Amendments are collectively annexed hereto as **Exhibit A**.

2.      On May 5, 2020, the Debtor served its Notice of Cure (ECF 348).

3.      The Notice of Cure incorrectly listed the counterparty to the Lease as the property manager, Avison Young.  Following multiples e-mails to Debtor's counsel, Debtor finally confirmed just last night, on May 14, 2020, that the Lease identified with Avison Young as the counterparty was, in fact, Landlord's Lease.  A true and correct copy of an e-mail chain between Debtor's counsel and Landlord's counsel is annexed hereto as **Exhibit B**.

4.      As a result, Landlord quickly filed its May 15, 2020 Objection to the Notice of Cure, but reserved the right to amend it to the extent that Landlord was unable to identify all defaults in such a short period of time resulting from Debtor's error.  This Amendment is now necessary because additional cure amounts were discovered only after filing the initial Objection on less than 24 hours' notice.

5.      Debtor incorrectly listed the cure amount for the Property as $165,070.00.

6.      Pursuant to the attached rent statement, $191,309.47 is currently past due and owing pursuant to the Lease, including March, April, and May, 2020 base rent, and CAM charges totaling $156,208.13, March, 2020 utilities totaling $386.67, 2019 CAM adjustment totaling $24,042.49, and March and April, 2020 late fees and interest fees totaling $10,946.77.[2]  A true and correct copy of the rent statement is annexed hereto as **Exhibit C**.

7.      In addition, Paragraph 14.5 of the Lease requires Debtors to pay reasonable attorneys' fees and costs arising out of Tenant's default under the Lease.  *See* **Exhibit A** ¶ 14.5.

---

[2]      Debtor had a $274.59 credit applied to these amounts outstanding.

By reason of Debtor's defaults, its bankruptcy filing, and the impending assignment of the Lease, Landlord has incurred legal fees and expenses, both before and the filing date, which to date total $4,235.50. Landlord believes it will incur additional legal fees in connection with the assignment of the Lease. Detailed time records can be provided upon request, subject to appropriate redactions to protect attorney client privilege.

8.      In addition to the above noted monetary defaults, Debtor also is in default for failing to keep the common areas clear of Tenant's personalty and for failing to remediate leaks in the Property. Specifically, Debtor's beer and soda lines leaked on several occasions and were never sufficiently repaired, and floor drains, particularly in the bar area, leak at the penetration to the floor. These leaks migrated to other areas of the larger property causing damage which requires remediation. Landlord estimates it will cost approximately $17,135.00 to remediate the leaks, including redoing both the beer and soda lines, resetting the floor drains, repairing the floor, and installing new flooring where necessary, all of which remain Debtor's responsibility as it is obligated to repair and maintain the Property. *See* **Exhibit A** ¶ 5.1.

9.      Additionally, these leaks caused significant damage to the leasehold interest of the tenant below Debtor, which required Landlord to furnish rent abatements to that tenant totaling $78,958.00. Furthermore, between January 8, 2018, and March 31, 2020, Landlord incurred $51,218.85 in legal fees attempting to resolve its dispute with the tenant below Debtor, all as a result of leaks originating in the Property which Debtor was required to remediate but failed to fix. Pursuant to Paragraph 8.1 of the Lease, Debtor is required to "indemnify and hold Landlord harmless from and against all costs, damages, claims, liabilities and expenses (including attorneys'

20107759v1

fees) suffered by or claimed against Landlord, directly or indirectly, based on, arising out of or resulting from…(ii) repair or maintenance of the [Property] which are the obligations of [Debtor]…" *See* **Exhibit A ¶** 8.1.

10. Therefore, to cure its defaults, Debtor must make these required repairs at its own cost and or pay Landlord to cover the costs to repair the Property -- which may be higher than the estimated cost.

11. Debtor also must pay Landlord the full amount of rent abatement Landlord was forced to pay to the tenant below Debtor resulting solely from Debtor's failure to maintain the Property.

12. As a result, Landlord objects to the assumption and assignment of the Lease until Tenant pays the above noted sums and makes all necessary repairs to Property, including all of the conditions identified in paragraph 8, *supra*.

13. Landlord further objects to the Assumption and Assignment of the Lease as Landlord has not yet received any adequate assurance information for the purported Assignee. Landlord cannot assess whether the Assignee is likely to perform in the future under the Lease unless and until adequate assurance information is furnished as required by the Bankruptcy Code.

14. To the extent consistent with the objections expressed herein, Landlord also joins in the objections of other lessors to the Motion as well as any other objections (formal or informal) advanced by other creditors, including the official committee of unsecured creditors. Further, Landlord reserves its rights to make further and future objections as additional information, including adequate assurance information, is furnished to Landlord.

**WHEREFORE**, Landlord respectfully requests the Cure Costs for the Lease herein described be amended to at least $339,044.82, and the Court award such other and further relief as

it deems just and proper.

Dated: Woodland Park, New Jersey
       May 18, 2020

ANSELL GRIMM & AARON, P.C.

*s/Joshua S. Bauchner*
Joshua S. Bauchner, Esq.
Anthony J. D'Artiglio, Esq.
365 Rifle Camp Road
Woodland Park, New Jersey 07424
(973) 247-9000 Phone
(973) 247-9199 Facsimile

*Attorneys for Tower 111 Broadway, LLC*

20107759v1