**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CRAFTWORKS PARENT, LLC, *et al.*,[1] | ) Case No. 20-10475 (BLS) |
| | ) |
| | ) (Jointly Administered) |
| | ) |

NOTICE OF AGENDA OF MATTERS SCHEDULED FOR TELEPHONIC
HEARING ON MAY 20, 2020 AT 1:00 P.M. (PREVAILING EASTERN TIME)

PLEASE NOTE YOU MUST APPEAR THROUGH BOTH COURTCALL AND ZOOM. TO
APPEAR VIA VIDEO CONFERENCE VIA ZOOM AND COURTCALL, PARTIES SHOULD
USE THE INSTRUCTIONS BELOW:

Join ZoomGov Meeting:
https://debuscourts.zoomgov.com/j/1619161579

Meeting ID: 161 916 1579
Password: 130339

To appear telephonically via CourtCall, parties must make prior arrangements through CourtCall
by telephone (866) 582-6878.

CONTESTED MATTERS GOING FORWARD:

1.    Motion of Debtors for Order (I) Modifying and Extending Second Interim DIP Financing
      Order; (II) Scheduling a Final Hearing and (III) Granting Related Relief [Docket No. 331;
      Filed 5/1/2020]

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:
Big River Breweries, Inc. (6292); Brew Moon Colorado, Inc. (5001); Chophouse License, LLC (2340); Craft Brewery
Holding, Inc. (1228); CraftWorks Holdings, LLC (7163); CraftWorks Intermediate Co, LLC (9810); CraftWorks Parent, LLC
(3345); CraftWorks Restaurants & Breweries Group, Inc. (4820); CraftWorks Restaurants & Breweries, Inc. (2504);
CraftWorks Restaurants & Breweries, LLC (0676); GB Acquisition, Inc. (5175); GB Franchise, LLC (7716); GB Kansas,
LLC (0924); GB Maryland, Inc. (6439); GB Parent, Inc. (1281); GBBR Texas, Inc. (9904); Gordon Biersch Brewery
Restaurant Group, Inc. (8023); Harbor East Brewery, LLC (7759); Logan's Restaurants, Inc. (9987); Logan's Roadhouse, Inc.
(2074); Logan's Roadhouse of Kansas, Inc. (8716); Logan's Roadhouse of Texas, Inc. (2372); LRI Holdings, Inc. (4571); Old
Chicago Franchising LLC (7249); Old Chicago of Colorado, Inc. (4857); Old Chicago of Kansas, Inc. (0606); Old Chicago
Oregon, LLC (5083); Old Chicago Parker Crossing, Inc. (9218); Old Chicago Taproom, LLC (5838); Old Chicago
Westminster, Inc. (5759); Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108);
Rock Bottom Arizona, Inc. (4848); Rock Bottom License, LLC (9033); Rock Bottom of Minneapolis, Inc. (5762); Wadsworth
Old Chicago, Inc. (4849); Walnut Brewery, Inc. (7405). The Debtors' mailing address is 3011 Armory Drive, Suite 300,
Nashville, TN 37204.

Related Documents:

A.    Motion of Debtors for Entry of an Order Shortening the Notice Period on Motion of Debtors for Order (I) Modifying and Extending Second Interim DIP Financing Order; (II) Scheduling a Final Hearing and (III) Granting Related Relief [Docket No. 332; Filed 5/1/2020]

B.    Order Shortening the Notice Period on Motion of Debtors for Order (I) Modifying and Extending Second Interim DIP Financing Order; (II) Scheduling a Final Hearing and (III) Granting Related Relief [Docket No. 334; Entered 5/4/2020]

C.    Order (I) Modifying and Extending Second Interim DIP Financing Order; (II) Scheduling a Final Hearing and (III) Granting Related Relief [Docket No. 343; Entered 5/6/2020]

Response Deadline:    May 15, 2020 at 4:00 p.m.

Responses Received:

A.    Limited Objection of Brookfield Property REIT Inc. and Regency Centers LP to Motion of Debtors for Order (I) Modifying and Extending Second Interim DIP Financing Order; (II) Scheduling a Final Hearing; and (III) Granting Related Relief [Docket No. 339; Filed 5/5/2020]

B.    Limited Objection of Brixmor Operating Partnership LP, Federal Realty Investment Trust, G&I VI Promenade, LLC, Independence Place Investment Group, Inc., PGIM Real Estate, Primestor Development, Inc., Realty Income Corporation, Spirit Realty Capital, Inc., Starwood Retail Partners LLC, Store Master Funding VIII, LLC, The Macerich Company, and YTC Mall Owner, LLC To Entry of a Final Order on the Debtors Motion for Order (I) Modifying and Extending the Second Interim DIP Order; (II) Scheduling a Final Hearing; and (III) Granting Related Relief [Docket No. 485; Filed 5/15/2020]

C.    Reservation of Rights of The Official Committee of Unsecured Creditors to the Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Obtain Senior Secured Postpetition Financing; (II) Granting Liens and Superpriority Administrative Expense Status; (III) Authorizing the Use of Cash Collateral; (IV) Granting Adequate Protection to Prepetition Secured Parties; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief [Docket No. 511; Filed 5/18/2020]

> D.    Reservation of Rights of Wells Fargo Bank, National Association to Debtors' Sale Motion and Proposed Final DIP Financing [Docket No. 514; Filed 5/18/2020]

> Status:    This matter is going forward.

2.    Debtors' Motion for an Order (I) Authorizing and Approving Semi-Private Sale of Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (III) Granting Related Relief [Docket No. 336; Filed 5/4/2020]

> Related Documents:

> > A.    Declaration of Vineet ("Vin") Batra in Support of Debtors' Motion for an Order (I) Authorizing and Approving Semi-Private Sale of Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (III) Granting Related Relief [Docket No. 337; Filed 5/4/2020]

> > B.    Order Shortening the Notice Period on Debtors' Motion for an Order (I) Authorizing and Approving Semi-Private Sale of Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (III) Granting Related Relief [Docket No. 344; Entered 5/6/2020]

> > C.    Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases [Docket No. 348; Filed 5/6/2020]

> Response Deadline:    May 15, 2020 at 4:00 p.m.

> Responses Received:

> > A.    Response of Texas Taxing Authorities to the Motion for an Order (I) Authorizing and Approving Semi-Private Sale of Debtors Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (III) Granting Related Relief [Docket No. 354; Filed 5/8/2020]

B.      Objection of Central Park at Highlands Ranch Retail, LLC to Debtors' Designated Cure Amounts [Docket No. 364; Filed 5/12/2020]

C.      Limited Objection of Gateway Washington, Inc. to Debtors Motion for an Order (I) Authorizing and Approving Semi-Private Sale of Debtors Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (III) Granting Related Relief [Docket No. 365; Filed 5/12/2020]

D.      Objection of IREIT Shreveport Regal Court, L.L.C. to Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases [Docket No. 417; Filed 5/13/2020]

E.      Objection of Cole LR Troy OH, LLC to Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases [Docket No. 418; Filed 5/13/2020]

F.      Objection of Flowood MS Retail Investors, LP to Lease Cure Amount [Docket No. 419; Filed 5/13/2020]

G.      Limited Objection and Reservation of Rights of Robert Davies Volk as Trustee for the Robert Davies Volk Living Trust U/T/D August 7, 1997 to the Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases  [Docket No. 437; Filed 5/13/2020]

H.      Objection of FirstBank to Debtors' Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Expired Leases [Docket No. 447; Filed 5/13/2020]

I.      Objection of IRC Stone Creek, L.L.C. to Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases [Docket No. 450; Filed 5/13/2020]

J.      Objection of Cigna to Motion for an Order (I) Authorizing and Approving Semi-Private Sale of Debtors Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (III) Granting Related Relief [Docket No. 454; Filed 5/14/2020]

K.      Limited Objection of Plaza on Union LLC to Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases [Docket No. 455; Filed 5/14/2020]

L.      Limited Objection of Xentury City Development Company, L.C. to Motion for an Order (I) Authorizing and Approving Semi-Private Sale of Debtors Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (III) Granting Related Relief [Docket No. 458; Filed 5/14/2020]

M.      Reservation of Rights of Hazem Ouf Regarding Motion for an Order (I) Authorizing and Approving Semi-Private Sale of Debtors Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (III) Granting Related Relief [Docket No. 461; Filed 5/14/2020]

N.      Limited Objection, Reservation of Rights and Joinder to Debtors' Motion for an Order (I) Authorizing and Approving Semi-Private Sale of Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (III) Granting Related Relief [Docket No. 464; Filed 5/14/2020]

O.      Objection of Broad Street Land Company, LLC Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases  [Docket No. 465; Filed 5/14/2020]

P.      Objection of (I) Cole LR Florence AL DST; (II) Cole LR Tuscaloosa AL DST; (III) CNL Net Lease Funding 2003, LLC; and (IV) ARC CAFEUSA001, LLC to Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases [Docket No. 466; Filed 5/14/2020]

Q.      Limited Objection of Tower Investments, LLC-Tower 111 Broadway, LLC to the Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases [Docket No. 469; Filed 5/15/2020]

R.      Objection and Reservation of Rights of Blazon, Ltd. Concerning Notice to Contract Parties to Potentially Assumed, Assigned and

Sold Executory Contracts and Unexpired Leases [Docket No. 470; Filed 5/15/2020]

S.    Objection and Reservation of Rights Chick-fil-A, Inc. to Notice to Contract Parties to Potentially Assumed, Assigned and Sold Executory Contracts and Unexpired Leases [Docket No. 471; Filed 5/15/2020]

T.    Objection and Reservation of Rights of NTS Bluegrass Commonwealth Park to the (I) Debtors Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and (II) Proposed Sale of Debtors Assets [Docket No. 474; Filed 5/15/2020]

U.    Limited Objection and Reservation of Rights of OCI RE Cool Springs Partners, LLC in its Capacity as Landlord to Debtors' Motion for an Order (I) Authorizing and Approving Semi-Private Sale of Debtors' Assets Free and Clear of Liens, Encumbrances, and Other Interests; (II) Authorizing and Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (III) Granting Related Relief [Docket No. 475; Filed 5/15/2020]

V.    Limited Objection and Reservation of Rights of Ecolab, Inc. to Debtors' Motion for an Order (I) Authorizing and Approving Semi-Private Sale of Substantially All of Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; and (II) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (III) Granting Related Relief [Docket No. 477; Filed 5/15/2020]

W.    Limited Objection of Cracknerck West Retail LLC to Debtors Notice of Cure Amounts and Possible Assumption and Assignment of Executory Contracts [Docket No. 478; Filed 5/15/2020]

X.    Response and Reservation of Rights of 1801 West Parmer Lane, LLC Concerning Notice to Contract Parties to Potentially Assumed, Assigned and Sold Executory Contracts and Unexpired Leases [Docket No. 481; Filed 5/15/2020]

Y.    Objection of Brookfield Property REIT Inc., National Retail Properties, LP, Regency Centers LP, and Site Centers Corp. to the Proposed Assumption and Assignment of Certain Leases [Docket No. 482; Filed 5/15/2020]

Z.      Objection of Miller Land Partnership, L.P. to the Proposed
        Assumption and Assignment of Certain Leases [Docket No. 483;
        Filed 5/15/2020]

AA.     Objection of Mayhill Partners, L.P. to the Notice of Proposed
        Assumption and Assignment of Certain Leases [Docket No. 486;
        Filed 5/15/2020]

BB.     Limited Objection Limited Objection of The Chubb Companies to
        Debtors Motion for an Order (I) Authorizing and Approving Semi-
        Private Sale of Debtor Assets Free and Clear of All Liens, Claims,
        Encumbrances, and Other Interests; (II) Authorizing and Approving
        Assumption and Assignment of Certain Executory Contracts and
        Unexpired Leases Related Thereto; and (III) Granting Related
        Relief [Docket No. 487; Filed 5/15/2020]

CC.     Limited Objection of Seayco-THF Conway Development, LLC,
        THF Prairie Center Retail, One, LLC, THF-D Charleston
        Development, LLC Notice of Proposed Assumption and
        Assignment of Certain Leases [Docket No. 488; Filed 5/15/2020]

DD.     Objection of WestCol Center, LLC to Debtors Notice of Cure
        Amounts and Potential Assumption and Assignment of Executory
        Contracts and Unexpired Leases  [Docket No. 489; Filed 5/15/2020]

EE.     Limited Objection of Brixmor Operating Partnership LP, Federal
        Realty Investment Trust, G&I VI Promenade, LLC, Independence
        Plaza Investment Group, Inc., PGIM Real Estate, Primestor
        Development, Inc., Realty Income Corporation, Starwood Retail
        Partners LLC, Store Master Funding VIII, LLC, The Macerich
        Company, and YTC Mall Owner, LLC to (1) Debtors Motion for an
        Order (I) Authorizing and Approving Semi-Private Sale Of Debtors
        Assets Free and Clear of All Liens, Claims, Encumbrances, and
        Other Interests; (II) Authorizing and Approving Assumption and
        Assignment of Certain Executory Contracts and Unexpired Leases
        Related Thereto; and (III) Granting Related Relief and (2) Notice of
        Cure Amounts and Potential Assumption and Assignment of
        Executory Contracts and Unexpired Leases [Docket No. 491; Filed
        5/15/2020]

FF.     Objection of Evin-Greeley, LLC Debtors Notice of Cure Amounts
        and Potential Assumption and Assignment of Executory Contracts
        and Unexpired Leases [Docket No. 492; Filed 5/15/2020]

GG.     Objection of Evin-Greeley, LLC Debtors Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases [Docket No. 493; Filed 5/15/2020]

HH.     Objection of Evin-Greeley, LLC Debtors Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases [Docket No. 494; Filed 5/15/2020]

II.     Objection of Lion Orland Park, LLC to Debtors' Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases [Docket No. 495; Filed 5/15/2020]

JJ.     Objection and Reservation of Rights of Stellar Loyalty, Inc. to the Debtors Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases [Docket No. 496; Filed 5/15/2020]

KK.     Limited Objection of Marine Iron & Ship Building Company d/b/a Marine Iron Properties to Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases  [Docket No. 498; Filed 5/15/2020]

LL.     Limited Objection of CBL & Associates Management, Inc to Debtors' Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases [Docket No. 501; Filed 5/15/2020]

MM.    Limited Objection of 518 Laurel, L.L.C.; Arizona, L.L.C.; Beautiful, L.L.C.; Dulcet, L.L.C.; Lagomorph, L.L.C; and Zymotic, L.L.C. to Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases [Docket No. 505; Filed 5/18/2020]

NN.     Limited Objection and Reservation of Rights of Hjorting Family Trust to Debtors' Motion for an Order (I) Authorizing and Approving Semi-Private Sale of Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (III) Granting Related Relief Leases [Docket No. 506; Filed 5/18/2020]

OO.     Limited Objection and Reservation of Rights of Weingarten Sheridan LLC to Debtors' Motion for an Order (I) Authorizing and Approving Semi-Private Sale of Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (II)

Authorizing and Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (III) Granting Related Relief [Docket No. 507; Filed 5/18/2020]

PP.   Reservation of Rights of The Official Committee of Unsecured Creditors to the Debtors' Motion for an Order (I) Authorizing and Approving Semi-Private Sale of Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (III) Granting Related Relief [Docket No. 508; Filed 5/18/2020]

QQ.   Objection of 1 King LLC and CHW, LLC to Debtors' (1) Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (2) Motion for Order (I) Authorizing and Approving Semi-Private Sale of Debtors Assets Free and Clean of All Liens, Claims, Encumbrances, and other Interest; (II) Authorizing and Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Lease Related Thereto; and (III) Granting Related Relief [Docket No. 509; Filed 5/18/2020]

RR.   Limited Objection and Reservation of Rights of Simon Property Group, Inc. to the (I) Debtors Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and (II) Proposed Sale of Debtors Assets [Docket No. 510; Filed 5/18/2020]

SS.   Objection of 240 Conference Associates, LLC to Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Lease [Docket No. 512; Filed 5/18/2020]

TT.   Amended Objection Limited Objection of Tower Investments-Tower 111 Broadway to the Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases [Docket No. 513; Filed 5/18/2020]

UU.   Reservation of Rights of Wells Fargo Bank, National Association to Debtors' Sale Motion and Proposed Final DIP Financing [Docket No. 514; Filed 5/18/2020]

Status:   This matter is going forward. To the extent objections related to cure amounts are unresolved as of the hearing, the Debtors will respectfully request to adjourn only such cure disputes that are not resolved to a subsequent hearing to be set by the Court.  Attached hereto as Exhibit A is a chart reflecting the status of each objection.

By Tuesday, May 19, 2020, at 12:00 p.m. Eastern Time, the Debtors will file a revised proposed Sale Order addressing the formal and informal objections the Debtors have received and resolved.

Dated: May 18, 2020
Wilmington, Delaware

*/s/ Domenic E. Pacitti*

**KLEHR HARRISON HARVEY BRANZBURG LLP**
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
919 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 426-1189
Facsimile: (302) 426-9193

-and-

**KLEHR HARRISON HARVEY BRANZBURG LLP**
Morton R. Branzburg
1835 Market Street, 14th Floor
Philadelphia, PA 19103
Telephone: (215) 569-2700
Facsimile: (215) 568-6603

-and-

**KATTEN MUCHIN ROSENMAN LLP**
Steven J. Reisman (admitted *pro hac vice*)
575 Madison Avenue
New York, NY 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8876

-and-

**KATTEN MUCHIN ROSENMAN LLP**
Peter A. Siddiqui (admitted *pro hac vice*)
525 W. Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
Facsimile: (312) 902-1061

*Attorneys for the Debtors and Debtors in Possession*

**EXHIBIT A**

| Agenda Item | Docket No. | Filing Party/Parties | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| A | 354 | Certain Texas Taxing Authorities | Addressing the future payment of outstanding business property taxes. | **Resolved.** The Debtors have included the Texas Taxing Authorities' requested language with respect to the payment of the outstanding business property taxes. |
| B | 364 | Central Park at Highlands Ranch Retail, LLC | The Debtors' proposed cure amount is alleged to be incorrect. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. |
| C | 365 | Gateway Washington, Inc. | The Debtors' proposed cure amount is alleged to be incorrect and lack of adequate assurance. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. |
| D | 417 | IREIT Shreveport Regal Court, L.L.C. | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding payment of accrued but unbilled costs or expenses and indemnification of landlord. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. |

| Agenda Item | Docket No. | Filing Party/Parties | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| | | | | The Debtors assert the accrued but unbilled costs or expenses and indemnification issues are resolved by revisions to the proposed Sale Order. |
| E | 418 | Cole LR Troy Ohio, LLC | The Debtors' proposed cure amount is alleged to be incorrect and lack of adequate assurance. | **Moot.** The Debtors will not be assuming and assigning this lease. |
| F | 419 | Flowood MS Retail Investors, LP | The Debtors' proposed cure amount is alleged to be incorrect. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount.  To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. |
| G | 437 | Robert Davies Volk as Trustee for the Robert Davies Volk Living Trust U/T/D August 7, 1997 | The Debtors' proposed cure amount is alleged to be incorrect. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount.  To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. |
| H | 447 | FirstBank | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding payment of accrued but | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount.  To the extent that this matter is unresolved at the time of the hearing, the Debtors |

| Agenda Item | Docket No. | Filing Party/Parties | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| | | | unbilled costs or expenses and indemnification of landlord. | may request an adjournment solely with respect to the proper cure amount. The Debtors assert the accrued but unbilled costs or expenses and indemnification issues are resolved by revisions to the proposed Sale Order. |
| I | 450 | IRC Stone Creek, L.L.C. | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding payment of accrued but unbilled costs or expenses and indemnification of landlord. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount.  To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. The Debtors assert the accrued but unbilled costs or expenses and indemnification issues are resolved by revisions to the proposed Sale Order. |
| J | 454 | Cigna Health and Life Insurance Company | The Debtors have not identified a contract that can be assumed and assigned, notice of assumption and assignment is insufficient, and even if an assumable contract was identified, cure cannot be accurately calculated until the effective date of the sale. | **Unresolved.** The Debtors and Cigna are in discussions regarding the issues identified in the objection and the Debtors hope to include language in the Proposed Sale Order that resolves the objection. |

| Agenda Item | Docket No. | Filing Party/Parties | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| K | 455 | Colorado Plaza on Union LLC | The Debtors' proposed cure amount is alleged to be incorrect and lack of adequate assurance. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. |
| L | 458 | Xentury City Development Company, L.C. | The Debtors have not provided adequate assurance of future performance. | **Unresolved.** |
| M | 461 | Hazem Ouf | The Sale Order should ensure that all of Mr. Ouf's rights, arguments, defenses, and Counterclaims are preserved. | **Resolved.** The Debtors will add language to the Sale Order. |
| N | 464 | James Lebs | The Sale Order should ensure that all of Mr. Lebs' rights, arguments, defenses, and Counterclaims are preserved. | **Resolved.** The Debtors will add language to the Sale Order. |
| O | 465 | Broad Street Land Company, LLC | The Debtors' proposed cure amount is alleged to be incorrect. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. |

| Agenda Item | Docket No. | Filing Party/Parties | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| P | 466 | Cole LR Florence AL DST, Cole LR Tuscaloosa AL DST, CNL Net Lease Funding 2003, LLC, and ARC CAFEUSA001, LLC | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding payment of accrued but unbilled  costs or expenses and indemnification of landlord, and lack of adequate assurance. | **Unresolved.**<br>The Debtors continue to review their books and records to determine the proper cure amount.  To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount.<br>The Debtors assert the accrued but unbilled costs or expenses and indemnification issues are resolved by revisions to the proposed Sale Order. |
| Q and TT | 469 | Tower 111 Broadway, LLC | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding indemnification of landlord. | **Unresolved.**<br>The Debtors continue to review their books and records to determine the proper cure amount.  To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount.<br>The Debtors assert the indemnification issues are resolved by revisions to the proposed Sale Order. |
| R | 470 | Blazon, Ltd. | The Debtors' proposed cure amount is alleged to be incorrect. | **Unresolved.**<br>The Debtors continue to review their books and records to determine the proper cure amount.  To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with |

| Agenda Item | Docket No. | Filing Party/Parties | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| | | | | respect to the proper cure amount. |
| S | 471 | Chick-fil-A, Inc. | The Debtors have not identified a contract that can be assumed and assigned. | **Moot.** The Debtors will not be assuming and assigning this lease. |
| T | 474 | NTS Bluegrass Commonwealth Park | The Debtors' proposed cure amount is alleged to be incorrect and lack of adequate assurance. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. |
| U | 475 | OCI RE Cool Springs Partners, LLC | The Debtors' proposed cure amount is alleged to be incorrect and lack of adequate assurance. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. |
| V | 477 | Ecolab Inc. | The Debtors' proposed cure amount is alleged to be incorrect and Sale Order needs to provide protects of Ecolab's ownership interest in the leased property. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. |

| Agenda Item | Docket No. | Filing Party/Parties | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| W | 478 | Crackerneck West Retail LLC | The Debtors' proposed cure amount is alleged to be incorrect. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. |
| X | 481 | 1801 West Parmer Lane, LLC | The Debtors have not identified a contract that can be assumed and assigned. | **Moot.** The Debtors will not be assuming and assigning this lease. |
| Y | 482 | Brookfield Property REIT Inc., National Retail Properties, LP, Regency Centers LP, and Site Centers Corp. | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding payment of accrued but unbilled costs or expenses and indemnification of landlord, lack of adequate assurance, and the landlords demand security for performance. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. The Debtors assert the accrued but unbilled costs or expenses and indemnification issues are resolved by revisions to the proposed Sale Order. |
| Z | 483 | Miller Land Partnership, L.P. | The Debtors' proposed cure amount is alleged to be incorrect. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an |

| Agenda Item | Docket No. | Filing Party/Parties | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| | | | | adjournment solely with respect to the proper cure amount. |
| AA | 486 | Mayhill Partners, LP | The Debtors have not identified a contract that can be assumed and assigned, and the proposed cure amount is alleged to be incorrect. | **Moot.** The Debtors will not be assuming and assigning this lease. |

| Agenda Item | Docket No. | Filing Party/Parties | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| BB | 487 | ACE American Insurance Company, ACE Fire Underwriters Insurance Company, Indemnity Insurance Company of North America, Illinois Union Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, Agri General Insurance Company, Combined Insurance Company of America, Federal Insurance Company, and Chubb Custom Insurance Company | The Debtors must assume and assign and assign the insurance policies as a whole because they are integrated contracts, previous Orders of the court require the objectors' consent, which the Debtors do not have, the insurance companies should not have to adjudicate disputes between the Debtors and the purchaser as to coverage, and lack of adequate assurance. | **Resolved**. The Debtors will add language to the Sale Order. |

| Agenda Item | Docket No. | Filing Party/Parties | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| CC | 488 | THF-D Charleston Development, LLC, THF Prairie Center Retail, One, LLC and Seayco-THF Conway Development, LLC | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding payment of accrued but unbilled costs or expenses, indemnification of landlord, the proposed sale may disrupt tenant mix at the shopping center, and lack of adequate assurance. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount.  To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. The Debtors assert the accrued but unbilled costs or expenses and indemnification issues are resolved by revisions to the proposed Sale Order. |
| DD | 489 | WestCol Center, LLC | The Debtors' proposed cure amount is alleged to be incorrect. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount.  To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. |

| Agenda Item | Docket No. | Filing Party/Parties | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| EE | 491 | Brixmor Operating Partnership LP, Federal Realty Investment Trust, G&I VI Promenade, LLC, Independence Plaza Investment Group, Inc., PGIM Real Estate, Primestor Development, Inc., Realty Income Corporation, Starwood Retail Partners LLC, STORE Master Funding VIII, LLC, The Macerich Company, and YTC Mall Owner, LLC | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding payment of accrued but unbilled costs or expenses, indemnification of landlord, lack of adequate assurance, and the landlords demand security for performance. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount.  To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. The Debtors assert the accrued but unbilled costs or expenses and indemnification issues are resolved by revisions to the proposed Sale Order. |

| Agenda Item | Docket No. | Filing Party/Parties | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| FF | 492 | Evin-Greeley, LLC | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding payment of accrued but unbilled costs or expenses, indemnification of landlord, and lack of adequate assurance. | **Unresolved.**<br>The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount.<br>The Debtors assert the accrued but unbilled costs or expenses and indemnification issues are resolved by revisions to the proposed Sale Order. |
| GG | 493 | Evin-Grand Junction, LLC | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding payment of accrued but unbilled costs or expenses, indemnification of landlord, and lack of adequate assurance. | **Unresolved.**<br>The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount.<br>The Debtors assert the accrued but unbilled costs or expenses and indemnification issues are resolved by revisions to the proposed Sale Order. |
| HH | 494 | Evin-Broomfield, LLC | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding payment of accrued but | **Unresolved.**<br>The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors |

| Agenda Item | Docket No. | Filing Party/Parties | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| | | | unbilled costs or expenses, indemnification of landlord, and lack of adequate assurance. | may request an adjournment solely with respect to the proper cure amount.<br>The Debtors assert the accrued but unbilled costs or expenses and indemnification issues are resolved by revisions to the proposed Sale Order. |
| II | 495 | Lion Orland Park, LLC | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding payment of accrued but unbilled costs or expenses and indemnification of landlord. | **Unresolved.**<br>The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount.<br>The Debtors assert the accrued but unbilled costs or expenses and indemnification issues are resolved by revisions to the proposed Sale Order. |
| JJ | 496 | Stellar Loyalty, Inc. | The Debtors' proposed cure amount is alleged to be incorrect. | **Unresolved.**<br>The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. |

| Agenda Item | Docket No. | Filing Party/Parties | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| KK | 498 | Marine Iron & Ship Building Company d/b/a Marine Iron Properties | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding payment of accrued but unbilled costs or expenses, and lack of adequate assurance. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount.  To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. The Debtors believe the accrued but unbilled costs or expenses is resolved by revisions to the proposed Sale Order and will keep the Court apprised of any developments. |

| Agenda Item | Docket No. | Filing Party/Parties | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| LL | 501 | CBL & Associates Management, Inc. | The Debtors' proposed cure amount is alleged to be incorrect. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. |
| MM | 505 | 518 Laurel, L.L.C., Arizona, L.L.C., Beautiful, L.L.C., Dulcet, L.L.C., Lagomorph, L.L.C., and Zymotic, L.L.C. | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding payment of accrued but unbilled costs or expenses, indemnification of landlord, and lack of adequate assurance. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. The Debtors assert the accrued but unbilled costs or expenses and indemnification issues are resolved by revisions to the proposed Sale Order. |

| Agenda Item | Docket No. | Filing Party/Parties | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| NN | 506 | Hjorting Family Trust | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding payment of accrued but unbilled costs or expenses, indemnification of landlord, and lack of adequate assurance. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. The Debtors assert the accrued but unbilled costs or expenses and indemnification issues are resolved by revisions to the proposed Sale Order. |
| OO | Weingarten Sheridan LLC | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding payment of accrued but unbilled costs or expenses, indemnification of landlord, and lack of adequate assurance. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. The Debtors assert the accrued but unbilled costs or expenses and indemnification issues are resolved by revisions to the proposed Sale Order. | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding payment of accrued but unbilled costs or expenses, indemnification of landlord, and lack of adequate assurance. |

| Agenda Item | Docket No. | Filing Party/Parties | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| PP | 508 | Official Committee of Unsecured Creditors | The Official Committee of Unsecured Creditors reserves all rights to object to the sale pending the documentation of a global resolution of the issues in these cases. | **Unresolved.** The Debtors continue their discussions with the Committee and anticipate resolving all objections prior the hearing. |
| QQ | 509 | 1 King LLC and CHW, LLC | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding payment of accrued but unbilled costs or expenses, failure to maintain the premises, indemnification of landlord, and lack of adequate assurance. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. The Debtors assert the accrued but unbilled costs or expenses and indemnification issues are resolved by revisions to the proposed Sale Order. |

| Agenda Item | Docket No. | Filing Party/Parties | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| RR | 510 | Simon Property Group, Inc. | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding payment of accrued but unbilled costs or expenses, indemnification of landlord, and lack of adequate assurance. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. The Debtors assert the accrued but unbilled costs or expenses and indemnification issues are resolved by revisions to the proposed Sale Order. |
| SS | 512 | 240 Conference Associate, LLC | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding payment of accrued but unbilled costs or expenses and indemnification of landlord. | **Unresolved.** The Debtors continue to review their books and records to determine the proper cure amount. To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount. The Debtors assert the accrued but unbilled costs or expenses and indemnification issues are resolved by revisions to the proposed Sale Order. |

| Agenda Item | Docket No. | Filing Party/Parties | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| TT<br><br>and<br><br>Q | 513 | Tower 111 Broadway, LLC | The Debtors' proposed cure amount is alleged to be incorrect, the proposed Sale Order lacks language regarding indemnification of landlord. | **Unresolved.**<br>The Debtors continue to review their books and records to determine the proper cure amount.  To the extent that this matter is unresolved at the time of the hearing, the Debtors may request an adjournment solely with respect to the proper cure amount.<br>The Debtors assert the indemnification issues are resolved by revisions to the proposed Sale Order. |
| UU | 514 | Wells Fargo Bank, National Association | Reservation of rights. | **Unresolved.**<br>The Debtors continue their discussions with the Wells Fargo and anticipate resolving all objections prior the hearing. |