UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| CRAFTWORKS PARENT, LLC, *et al.*, | : | Case No. 20-10475 (BLS) |
|  | : |  |
| Debtors.[1] | : | Jointly Administered |
|  | : |  |
|  | : | Re: Docket Nos. 336 & 540 |

**SUPPLEMENT TO ORDER (I) AUTHORIZING AND APPROVING
SEMI-PRIVATE SALE OF DEBTORS' ASSETS FREE AND CLEAR
OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS;
(II) AUTHORIZING AND APPROVING ASSUMPTION AND ASSIGNMENT
OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES
RELATED THERETO; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the cure amounts with respect to the assumption and assignment of certain executory contracts and unexpired leases pursuant to the *Debtors' Motion For An Order (I) Authorizing And Approving Semi-Private Sale Of Debtors' Assets Free And Clear Of All Liens, Claims, Encumbrances, And Other Interests; (II) Authorizing And Approving Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases Related Thereto; And (III)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Big River Breweries, Inc. (6292); Brew Moon Colorado, Inc. (5001); Chophouse License, LLC (2340); Craft Brewery Holding, Inc. (1228); CraftWorks Holdings, LLC (7163); CraftWorks Intermediate Co, LLC (9810); CraftWorks Parent, LLC (3345); CraftWorks Restaurants & Breweries Group, Inc. (4820); CraftWorks Restaurants & Breweries, Inc. (2504); CraftWorks Restaurants & Breweries, LLC (0676); GB Acquisition, Inc. (5175); GB Franchise, LLC (7716); GB Kansas, LLC (0924); GB Maryland, Inc. (6439); GB Parent, Inc. (1281); GBBR Texas, Inc. (9904); Gordon Biersch Brewery Restaurant Group, Inc. (8023); Harbor East Brewery, LLC (7759); Logan's Restaurants, Inc. (9987); Logan's Roadhouse, Inc. (2074); Logan's Roadhouse of Kansas, Inc. (8716); Logan's Roadhouse of Texas, Inc. (2372); LRI Holdings, Inc. (4571); Old Chicago Franchising LLC (7249); Old Chicago of Colorado, Inc. (4857); Old Chicago of Kansas, Inc. (0606); Old Chicago Oregon, LLC (5083); Old Chicago Parker Crossing, Inc. (9218); Old Chicago Taproom, LLC (5838); Old Chicago Westminster, Inc. (5759); Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108); Rock Bottom Arizona, Inc. (4848); Rock Bottom License, LLC (9033); Rock Bottom of Minneapolis, Inc. (5762); Wadsworth Old Chicago, Inc. (4849); Walnut Brewery, Inc. (7405). The Debtors' mailing address is 2981 Sidco Drive, Nashville, TN 37204.

*Granting Related Relief* [Docket No. 336] (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (the "Debtors");

WHEREAS on May 25, 2020, the Court entered the *Order (I) Authorizing And Approving Semi-Private Sale Of Debtors' Assets Free And Clear Of All Liens, Claims, Encumbrances, And Other Interests; (II) Authorizing And Approving Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases Related Thereto; And (III) Granting Related Relief* [Docket No. 540] (the "Sale Order"); and

WHEREAS, the Sale Motion with respect to certain counterparties to proposed Assumed Contracts who had unresolved objections to Cure Amounts (the "Continued Counterparties") was continued to May 28, 2020; and

WHEREAS, the Debtors and certain of the Continued Counterparties have resolved their respective Cure Amounts as set forth on **Exhibit A** attached hereto (the "Supplemental Assumed Contracts"); and

WHEREAS the Supplemental Assumed Contracts may be assumed by the Debtors and assigned, transferred, and sold to the Buyer;

**IT HEREBY IS FOUND AND DETERMINED THAT**

1. Pursuant to section 365 of the Bankruptcy Code, the Debtors are authorized to assume the Supplemental Assumed Contracts and assign, transfer, and sell the Debtors' interests in the Supplemental Assumed Contracts to the Buyer; provided, that, to the extent set forth in the APA, the Buyer shall be required to pay the Cure Amounts as set forth on **Exhibit A** hereto as a condition to such assignment.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. Except as set forth in paragraph 1 hereof and on **Exhibit A**, the Sale Order shall be applicable to the Supplemental Assumed Contracts.

3. The Buyer and the Sellers have agreed to amend the Designation Rights Period to provide that it ends on June 30, 2020 (and not June 15, 2020) and all references to such term in the Sale Order shall refer to such defined term as modified.

4. Notwithstanding anything to the contrary in the Sale Order, or any Notice related thereto: (a) the Cigna ASO Agreement (as defined in the *Objection of Cigna to Motion for an Order (I) Authorizing and Approving Semi-Private Sale of Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (III) Granting Related Relief* [Docket No. 454] (the "Cigna Objection")) is assumed and assigned to the Buyer as of the Closing Date, and, in lieu of cure, all obligations due and unpaid under the ASO Agreement shall pass through to the Buyer and survive assumption and assignment so that nothing in this Order, the Sale Order, or section 365 of the Bankruptcy Code shall affect the obligations accruing under the ASO Agreement; (b) upon Closing, the Debtors shall transfer to the Buyer, the Debtors' segregated bank account at JPMorganChase, Account No. XXXXXX9224, held in the name of Debtor CraftWorks Holdings, LLC ("Plan Bank Account") through which eligible healthcare claims of the Debtors' employees and their dependents ("Benefits Claims") are funded under the ASO Agreement; and (c) immediately following Closing, employee healthcare claims coverage under the ASO Agreement shall be deemed terminated ("Termination Date"), with the Buyer electing to provide for Benefits Claims incurred, but not submitted, processed, and paid prior to the Termination Date ("Run-Out Claims"), to be processed by Cigna and paid for a twelve (12) month period following the Termination Date, with the Buyer funding the payment of

Run-Out Claims through the Plan Bank Account during that period in accordance with the ASO Agreement.  This fully resolves the Cigna Objection.

5. Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), this Order shall be effective and enforceable immediately and shall not be stayed.

6. This Court shall retain exclusive jurisdiction to resolve any controversy or claim arising out of or related to this Order, the Sale Order, the APA, or any related agreements, including: (a) any actual or alleged breach or violation of this Order, the Sale Order, the APA, or any related agreements, (b) the enforcement of any relief granted in this Order or the Sale Order, and (c) as otherwise set forth in the APA.

**Dated: June 1st, 2020 Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**

US_144588079v5