**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CRAFTWORKS PARENT, LLC, *et al.*, | Case No. 20-10475 (BLS) |
| Debtors.[1] | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF T. PARKER GRIFFIN, JR. IN
SUPPORT OF THE APPLICATION OF DEBTORS FOR
ENTRY OF AN ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF BRADLEY ARANT BOULT CUMMINGS LLP AS
SPECIAL COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO APRIL 17, 2020**

I, T. PARKER GRIFFIN, JR., being duly sworn, state the following under penalty of perjury:

1. I am a partner of the law firm of Bradley Arant Boult Cummings LLP ("Bradley"), located at 1819 Fifth Avenue North, Birmingham, Alabama 35203. I am one of the lead attorneys from Bradley representing the Debtors as special counsel in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). I am a member in good standing of the Bar of the State of Alabama. There are no disciplinary proceedings pending against me.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Big River Breweries, Inc. (6292); Brew Moon Colorado, Inc. (5001); Chophouse License, LLC (2340); Craft Brewery Holding, Inc. (1228); CraftWorks Holdings, LLC (7163); CraftWorks Intermediate Co, LLC (9810); CraftWorks Parent, LLC (3345); CraftWorks Restaurants & Breweries Group, Inc. (4820); CraftWorks Restaurants & Breweries, Inc. (2504); CraftWorks Restaurants & Breweries, LLC (0676); GB Acquisition, Inc. (5175); GB Franchise, LLC (7716); GB Kansas, LLC (0924); GB Maryland, Inc. (6439); GB Parent, Inc. (1281); GBBR Texas, Inc. (9904); Gordon Biersch Brewery Restaurant Group, Inc. (8023); Harbor East Brewery, LLC (7759); Logan's Restaurants, Inc. (9987); Logan's Roadhouse, Inc. (2074); Logan's Roadhouse of Kansas, Inc. (8716); Logan's Roadhouse of Texas, Inc. (2372); LRI Holdings, Inc. (4571); Old Chicago Franchising LLC (7249); Old Chicago of Colorado, Inc. (4857); Old Chicago of Kansas, Inc. (0606); Old Chicago Oregon, LLC (5083); Old Chicago Parker Crossing, Inc. (9218); Old Chicago Taproom, LLC (5838); Old Chicago Westminster, Inc. (5759); Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108); Rock Bottom Arizona, Inc. (4848); Rock Bottom License, LLC (9033); Rock Bottom of Minneapolis, Inc. (5762); Wadsworth Old Chicago, Inc. (4849); Walnut Brewery, Inc. (7405). The Debtors' mailing address is 3011 Armory Drive, Suite 300, Nashville, TN 37204.

2. I submit this supplemental declaration in supplement of my initial declaration ("First Declaration") that was filed in support of the *Application for Entry of an Order Authorizing the Retention and Employment of Bradley Arant Boult Cummings LLP as Special Counsel for the Debtors Nunc Pro Tunc to April 17, 2020* on May 1, 2020 (Doc. 329) (the "Application").[2] The First Declaration was attached to the Application as Exhibit B. Specifically, this supplemental declaration supplements the Professional Compensation and Bradley's Disinterested subsections in the First Declaration.

3. On May 27, 2020, the Court entered an *Order Authorizing the Retention and Employment of Bradley Arant Boult Cummings LLP as Special Counsel for the Debtors Nunc Pro Tunc to April 17, 2020* (Doc. 546) (the "Retention Order"). As more particularly provided for in the Retention Order: (a) Bradley has been retained as special counsel to draft lease amendments (the "Lease Amendments") to existing leases of the Debtors (the "Leases") based on deal terms negotiated by the Debtors' real estate consultant (Hilco Real Estate) and approved by the Debtors (the "Approved Deal Terms").

4. Except as otherwise noted,[3] I have personal knowledge of the matters set forth herein. To the extent any information disclosed herein requires amendment or modification upon Bradley's completion of further review, or as additional party in interest information is provided to Bradley, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

[3] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at Bradley and are based on information provided by them.

**PROFESSIONAL COMPENSATION**

5. As more particularly provided for in the Retention Order and the Engagement Agreement that was approved and attached as Exhibit 1 to the Retention Order, Bradley's original compensation for professional services as special counsel to the Debtors was a fixed, alternative fee of $1,700.00 per Lease Amendment.

6. Since the entry of the Retention Order, the Debtors and Bradley entered into a second addendum to the Engagement Agreement dated June 16, 2020 (the "Second Addendum"). As provided for in the Second Addendum, which is attached to and further addressed in the Joint Stipulation For Entry of Order Amending Order Authorizing the Retention and Employment of Bradley Arant Boult Cummings LLP as Special Counsel for the Debtors *Nunc Pro Tunc* to April 17, 2020 (the "Stipulation") filed contemporaneously herewith, Bradley's compensation for professional services as special counsel to the Debtors has been increased to a fixed, alternative fee of $2,000.00 per Lease Amendment. This increase was agreed to by the parties given the expanded scope of work Bradley has undertaken in drafting the Lease Amendments. All other of Bradley's fee compensation remain the same as set forth in the Retention Order.

7. Bradley intends to apply to the Court for allowance of the aforementioned fixed, alternative fee compensation for professional services rendered as special counsel in these Chapter 11 cases, subject to the Court's approval in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Large Chapter 11 Cases dated June 11, 2013 (the "UST Guidelines"), and any other applicable procedures and orders of this Court. Notwithstanding the aforementioned fixed, alternative fee arrangement, Bradley will maintain time records for its work performed on

the Lease Amendment matters and file such time records with the Bankruptcy Court if required by the Bankruptcy Court as part of any fee applications.

8. I believe that the fee structure provided by Bradley is appropriate and not significantly different from (a) the rates that Bradley charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Bradley will perform in these Chapter 11 Cases.

## BRADLEY'S DISINTERESTEDNESS

9. In connection with its retention as special counsel by the Debtors in these Chapter 11 Cases, Bradley conducted a thorough conflicts analysis to determine whether it held or represented any interest adverse to the Debtors or the estates in relation to the services to be employed by Bradley under the Engagement Agreement.

10. As provided for in the First Declaration, Bradley obtained from the Debtors and their representatives the names of individuals and entities that may be parties in interest in these Chapter 11 Cases, and conducted searches as to those individuals and entities listed in Schedule 1 to the First Declaration (the "Potential Parties in Interest").  Any "connections" to the Potential Parties in Interest were then disclosed in Schedule 2 to the First Declaration.

11. The First Declaration provides that Bradley will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflict or other disqualifying circumstances exist or arise, and that if any new relevant facts or relationships are discovered or arise or to the extent other conflicts arise during the course of Bradley's employment, Bradley will use reasonable efforts to identify the same and promptly file a supplemental declaration.

12. Since performing conflict searches on the Potential Parties in Interest listed in Schedule 1 to the First Declaration, Bradley has discovered additional landlords that are parties

to "active" leases (i.e. leases that were not rejected) that were inadvertently omitted from the list of individuals and entities that were originally provided to Bradley for purposes of performing its conflict searches. Attached hereto as **Supplemental Schedule 1(e)** is a list of these newly discovered landlords (the "Additional Landlords").

13. To the best of my knowledge based on the same review procedures described in the First Declaration, Bradley does not have any "connection" to the Additional Landlords except as listed in **Supplemental Schedule 2** annexed hereto, which are not, to my understanding disqualifying or problematic under Section 327(e). More specifically, listed on **Supplemental Schedule 2** are the connections between Bradley and Additional Landlords that were identified during Bradley's review process and which are grouped according to former and current clients, where current clients are those clients for whom Bradley has active and ongoing matters. Bradley has obtained conflict waivers from all Additional Landlords that are identified as current clients, pursuant to which those Additional Landlords have consented to Bradley's representation of the Debtors for purposes of drafting the Lease Amendments. Additional details regarding connections identified in **Supplemental Schedule 2** are included in the disclosures in the Second Addendum filed contemporaneously herewith as part of the Stipulation and incorporated by reference herein.

14. Based on the conflict searches conducted to date and described herein and in the First Declaration, to the best of my knowledge, and except as otherwise set forth herein and in the First Declaration, the partners, counsel and associates of Bradley do not hold or represent any interest adverse to the Debtors or the estates in relation to the services to be employed by Bradley under the Engagement Agreement.

15. As stated in the First Declaration, it is possible that the information in

Schedule 1 and Supplemental Schedule 1 may change during the pendency of these Chapter 11 Cases. Bradley will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflict or other disqualifying circumstances exist or arise. If any new facts or relationships are discovered or arise, or to the extent other conflicts arise during the course of Bradley's employment, Bradley will use reasonable efforts to identify the same and will promptly file a supplemental declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 1, 2020
      Birmingham, AL

Respectfully submitted,

*/s/ T. Parker Griffin, Jr.*
T. PARKER GRIFFIN, JR.
Partner, Bradley Arant Boult Cummings LLP

**SUPPLEMENTAL SCHEDULE 1**

The following lists contain the names of reviewed entities as described more fully in the *Supplemental Declaration of T. Parker Griffin, Jr. in Support of the Application of Debtors for Entry of an Order Authorizing the Retention and Employment of Bradley Arant Boult Cummings LLC as Counsel for the Debtors Effective as of April 17, 2020* (the "Griffin Declaration").[1]  Where the names of the entities reviewed are incomplete or ambiguous, the scope of the search was intentionally broad and inclusive, and Bradley Arant Boult Cummings LLP reviewed each entity in its records, as more fully described in the Griffin Declaration, matching the incomplete or ambiguous name.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Griffin Declaration.

# SUPPLEMENTAL SCHEDULE 1(e)

## Additional Landlords

IREIT Shreveport Regal Court, L.L.C.
RSP Farmville, LLC
Parade Properties, LLC
Boise Towne Center, LLC
BRE/HC Las Vegas Property Holdings, LLC
Bruce L. Sanft Rental Properties LLC
The Jacques L. Le Friant and Mary E. Le Friant Family Trust Dated May 20, 1976, As Amended
Y.G.& M., L.L.C.
Crossroads Holdings, LLC
CH Plaza, LLC
VH Florence, LLC
ABAID, LLC
IRC Stone Creek, LLC
PDMA Properties LLC
Arnica Holdings, LLC
M & J Big Waterfront Town Center, LLC
Urban E. Mathieu, Jr.
Flemming Hjorting and May Hjorting, Trustees of the Hjorting Family Trust dated December 25, 1997
Savelle Logans, LLC
1210 Illinois Road, LLC
Jemal's Second National Bank LLC
Conway Devco DE, L.L.C.
Parkdale Crossing CMBS, LLC
Plainfield Lot 2, LLC
SCV Small Shops, LLC
ARCP LR Fort Wayne IN, LLC
Southwest Steakhouses, Inc.
MDC Box 1, LLC
THE EUGENE B. WEISMAN DECLARATION OF TRUST, Dated August 10, 1994, a revocable trust created pursuant to the laws of the State of Illinois
THE MG WEISMAN LIMITED PARTNERSHIP
THE ELAINE WONG RESIDUARY TRUST
THE MG WEISMAN LIMITED PARTNERSHIP
KRG Prattville Legends, LLC
MBD Limited CO
Health Properties Investments, Inc.
TCSH, LLC
Thompson Acquisition, Inc.
GENESEE MALL REALTY LLC
GENESEE CH LLC
GENESEE NASSIM LLC
LPF 100 Oaks, Inc.
Armory Hill Oaks, LLC
Hill Revolver, LLC

**SUPPLEMENTAL SCHEDULE 2\***

| Name of Entity Searched | Category | Status |
|---|---|---|
| Pacific Retail Capital Partners | Landlord | Current Client |
| Brookside Properties (and affiliate OCI RE Cool Springs Partners, LLC) | Landlord | Current Client |
| TCSH, LLC | Landlord | Former Client |
| Armory Hill Oaks, LLC (affiliate of H.G. Hill Realty Company, LLC) | Landlord | Current Client |
| Hill Revolver, LLC (affiliate of H.G. Hill Realty Company, LLC) | Landlord | Current Client |

\*With respect to matters related to any current client, Bradley will either obtain a waiver or other counsel will represent the Debtors.