Ajay Gupta, Esq. (SBN: #242132)
GUPTA EVANS AND ASSOCIATES, PC
1620 5th Avenue, Suite 650
San Diego, CA 92101
(619) 866-3444
(619) 330-2055 Facsimile
e-mail: ag@SoCal.law
Attorney for Unsecured Creditor, Piper Jordan, LLC

FILED

2020 SEP 10  PM 3:49

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:

CRAFTWORKS PARENT, LLC, *et al.*,

Debtors.[1]

Chapter 11

Case No. 20-10475 (BLS)

**PIPER JORDAN, LLC'S, APPLICATION FOR PROFESSIONAL FEES OR, IN THE ALTERNATIVE, PAYMENTS FOR DUE COURSE ADMINISTRATIVE CHARGES**

**Jointly Administered**

Comes now Piper Jordan, LLC ("Piper") to request payment of post-petition fees due for services that were rendered to the Debtor after the petition was filed. Piper was repeatedly informed by the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Big River Breweries, Inc. (6292); Brew Moon Colorado, Inc. (5001); Chophouse License, LLC (2340); Craft Brewery Holding, Inc. (1228); CraftWorks Holdings, LLC (7163); CraftWorks Intermediate Co, LLC (9810); CraftWorks Parent, LLC (3345); CraftWorks Restaurants & Breweries Group, Inc. (4820); CraftWorks Restaurants & Breweries, Inc. (2504); CraftWorks Restaurants & Breweries, LLC (0676); GB Acquisition, Inc. (5175); GB Franchise, LLC (7716); GB Kansas, LLC (0924); GB Maryland, Inc. (6439); GB Parent, Inc. (1281); GBBR Texas, Inc. (9904); Gordon Biersch Brewery Restaurant Group, Inc. (8023); Harbor East Brewery, LLC (7759); Logan's Restaurants, Inc. (9987); Logan's Roadhouse, Inc. (2074); Logan's Roadhouse of Kansas, Inc. (8716); Logan's Roadhouse of Texas, Inc. (2372); LRI Holdings, Inc. (4571); Old Chicago Franchising LLC (7249); Old Chicago of Colorado, Inc. (4857); Old Chicago of Kansas, Inc. (0606); Old Chicago Oregon, LLC (5083); Old Chicago Parker Crossing, Inc. (9218); Old Chicago Taproom, LLC (5838); Old Chicago Westminster, Inc. (5759); Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108); Rock Bottom Arizona, Inc. (4848); Rock Bottom License, LLC (9033); Rock Bottom of Minneapolis, Inc. (5762); Wadsworth Old Chicago, Inc. (4849); Walnut Brewery, Inc. (7405). The Debtors' mailing address is 2981 Sidco Drive, Nashville, TN 37204.

Debtor's agents that they were to be paid in due course as an administrative creditor. However, to date, Piper has not been paid for post-petition services rendered to the Debtor. Piper requests that this Court award administrative fees in the amount of $87,498.66 as outlined in Claim No. 994 and order that those fees be distributed immediately.

### I. Background Facts [2]

1. On or about April 1, 2018, Piper entered into an Agreement ("Agreement") with Logan Roadhouse, a subsidiary of the Debtor. Attached hereto as **Exhibit "A"** is a true and correct copy of the Agreement.

2. Prior to the filing of the instant petition on March 3, 2020, Piper was a service vendor for many of the Debtor's entities. Piper is in the business administering employee benefits for companies throughout the U.S.

3. Around March 18, 2020, the Debtor furloughed approximately 16,000 employees. Piper acted as the call center for those employees responding and administering benefits as the company proceeded through bankruptcy restructuring.

4. From March through May, 2020, Piper fielded thousands of calls from furloughed and/or terminated employees for the Debtor. Piper assisted in the transition as well as the administration of the benefits for those employees. At the end of each month, Piper sent monthly invoices to the Debtor. A true and correct copy of Piper's correspondence with the Debtor regarding the services Piper rendered to the Debtor post-petition are collectively attached hereto as **Exhibit "B"**.

5. The Debtor assured Piper that Piper would be paid as a due course administrative creditor. Despite repeated requests for payment on invoices due, no payment has been forth coming. A true and correct copy of Piper's correspondence with Julie Johnson, an employee of the Debtor, regarding the unpaid invoices are collectively attached hereto as **Exhibit "C"**.

6. The Debtor owes Piper $87,498.66 for the services Piper provided to the Debtor post-petition. True and correct copies of the invoices Piper sent to Debtor evidencing the amount owed are collectively attached hereto as **Exhibit "D"**.

---

[2] All facts referenced in this Section of the Motion refer to the Declaration of Jay Jordan, attached hereto.

7. On May 25, 2020, the Court approved the sale of substantially all the assets of the Debtor to a third party. (Docket No. 336).

8. On or about June 22, 2020, Piper retained Gupta Evans and Associates, PC ("Gupta Evans"). On or about July 16, 2020, Gupta Evans filed a Proof of Claim with this Court for $87,498.66 (Claim No. 994). (Docket No. 540).

9. While the Third-Party Buyer is assuming numerous liabilities, it does not appear that this liability will be assumed by the Buyer. (Docket No. 336-1, Sections 2.3 and 2.4)

10. On September 2, 2020, the Court entered an order authorizing the closing of the case subject to what appears to only be payment of the remaining professional fees, necessitating this motion. (Docket No. 718)

11. As of this filing, $87,498.66 is due to Piper for post-petition services rendered to the Debtor. The fees for those services were reasonable and necessary.

## II.  Analysis

Piper should be paid as a Due Course Administrative Creditor and the Court should order that the Estate immediately distribute payment. 11 USC § 507 (a) (2) provides second tier administrative treatment of expenses is allowed under 11 USC § 503 (b). Specifically, Section 503 (b) provides for payment of actual, necessary costs of preserving the estate. It remains undisputed that Piper's services for the furloughed and/or terminated employees of the Debtor were post-petition expenses that were contracted for, reasonable, and necessary.

Piper was under the impression based on statements from the Debtor's employees that they would be paid in due course and court authorization for their fees were wrapped into the Interim Orders. Unfortunately, due to the size of the estate and speed at which this bankruptcy proceeded, fees were not paid to Piper.

These fees have been now due for 5 months and we sit on the edge of the bankruptcy being closed. Piper requests that the Court intervene and issue an order that the total amount of $87,498.66 as stated in Claim Number 994 be paid immediately from funds on hand.

//

//

---

PIPER JORDAN, LLC'S, APPLICATION FOR PROFESSIONAL FEES OR, IN THE ALTERNATIVE, PAYMENTS FOR DUE COURSE ADMINISTRATIVE CHARGES

RESPECTFULLY SUBMITTED

Date: 09/10/2020                              /s/ Ajay Gupta
                                              Ajay Gupta, Esq.
                                              Attorney for Piper Jordan, LLC